IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JUDY NORTRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19 C 50253 |
| ) | |
| COLUMBIA HEALTH FACILITIES- ) | |
| PARK REGENCY, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Judy Nortridge has sued her former employer, Columbia Health Facilities-Park Regency, LLC, alleging employment discrimination. Nortridge, who is 71 years old, began working for Columbia Health in 2001. She alleges that in December 2017, after helping her co-worker file an EEOC charge, management began harassing her. Nortridge alleges that she complained about this harassment to both of her supervisors and filed a formal complaint about the behavior, but the harassment, which included verbal attacks from co-workers, continued. Nortridge also alleges that in July 2018, after she fell at work, Columbia Health interrogated her about the incident, accused her of being on drugs when she fell, and made her take a drug test, which came out negative. Nortridge states that a few months later, she learned that a younger coworker had also fallen at work, but the co-worker did not have to take a drug test and was not interrogated.

Nortridge asserts two claims against Columbia Health. First, she alleges that the

harassment, drug test, and interrogation constituted retaliation against her for helping her co-worker file an EEOC complaint, in violation of 42 U.S.C. § 2000e-3(a).  Second, she alleges that Columbia Health discriminated against her based on her age, in violation of 29 U.S.C. § 623(a)(1), by subjecting her to different terms and conditions of employment than her younger colleague, who was not drug-tested.

Columbia Health has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss both of these claims for failure to state a claim on which relief can be granted and for attempting to plead more than one cause of action in a single count, in violation of Federal Rule of Civil Procedure 10(b).  In deciding the motion, the Court takes Nortridge's factual allegations as true.  For the reasons stated below, the Court denies Columbia Health's motion to dismiss.

## Discussion

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering such a motion, a court "accept[s] well-pleaded facts as true and draw[s] all reasonable inferences in the [plaintiff's] favor."  *Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1060–61 (7th Cir. 2020).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**A.**     **Title VII retaliation**

In her complaint, Nortridge alleges that Columbia Health retaliated against her in violation of 42 U.S.C. § 2000e-3(a), which protects an employee who has "opposed any

2

practice made an unlawful practice by this subchapter, or [who] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000-3(a). To state a retaliation claim under Title VII, a plaintiff must allege two things: "that she engaged in statutorily protected activity" and that she "was subjected to adverse employment action as a result of that activity." *Huri v. Ofc. of the Chief Judge of the Circuit Ct. of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015). Columbia Health argues that Nortridge has failed to allege both parts of a retaliation claim. The Court disagrees.

Citing *Alexander v. Gerhardt Enterprises, Inc.,* 40 F.3d 187, 195 (7th Cir. 1994), Columbia Health contends that to sufficiently allege that she was engaged in a statutorily protected activity, Nortridge is required to allege that she reasonably believed in good faith that the behavior that led to her co-worker's filing of an EEOC claim violated Title VII. The Court is not persuaded by this argument, for two reasons.

First, *Alexander* was a summary judgment case, and at the motion to dismiss stage, Nortridge is not required to prove anything. *Carlson v CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("[E]vidence is not required at the pleading stage."). Second, the Seventh Circuit has stated that even at the summary judgment stage, the plaintiff's burden in demonstrating this requirement is "not onerous." *Leitgen v. Franciscan Skemp Healthcare, Inc.*, 630 F.3d 668, 674 (7th Cir. 2011). The plaintiff "simply has to show that her belief that she was complaining about unlawful discrimination was not 'completely groundless.'" *Id.* (citations omitted). Therefore, at the motion to dismiss stage, Nortridge need only allege enough facts to permit a plausible inference that her belief that the harassment of her co-worker was unlawful

3

was not completely groundless, which she has done. In her complaint, Nortridge describes the harassment her co-worker experienced prior to filing her EEOC claim as "severe" and "discriminatory," and she alleges that it involved "offensive words." She has alleged enough to permit a plausible inference that her belief that she engaged in a statutorily protected activity was not groundless.

Columbia Health also argues that Nortridge failed to sufficiently allege that she was subject to an adverse employment action. The Court again disagrees. To qualify as an adverse employment action for purposes of a retaliation claim, "[an] employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Nortridge alleges that she was harassed by management, verbally attacked by co-workers with management's knowledge, and interrogated and drug-tested after being injured at work. The Seventh Circuit has held that harassment can constitute an adverse employment action for the purposes of a Title VII retaliation claim in certain circumstances. *Stutler v. Ill. Dep't of Corr.*, 263 F.3d 698, 703–704 (7th Cir. 2001) (collecting cases). Furthermore, a reasonable jury could find that a targeted drug test and subsequent interrogation could "certainly cause a reasonable worker think twice about complaining about discrimination." *See Huri,* 804 F.3d at 833. "That's all it takes in the retaliation context." *Id.*

For these reasons, the Court declines to dismiss Nortridge's retaliation claim.

**B.     ADEA discrimination**

Columbia Health also argues that Nortridge has failed to state a claim for discrimination under the ADEA, which protects workers from age-based employment

4

discrimination. 29 U.S.C. § 623(a). The Court disagrees. The Seventh Circuit has described the "minimal pleading standard" for employment discrimination claims as follows: "[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment discrimination] need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [protected status]." *Tamayo v. Blagoyevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Id.* at 1085. Although *Tamayo* concerned a Title VII discrimination claim, the Seventh Circuit has applied the same "minimal" standard to ADEA discrimination claims. *See Samovsky v. Nordstrom, Inc.*, 619 F. App'x 547, 548 (7th Cir. 2015).

      Columbia Health contends that Nortridge has failed to state a claim because she has not alleged that her co-worker who was not drug tested is at least ten years younger than her. Columbia Health cites another summary judgment case, *Hoffmann v. Primedia Special Interest Publications,* 217 F.3d 522, 524 (7th Cir. 2000), for this purported requirement. The Seventh Circuit has stated, however, that it is not necessary for a plaintiff to make this specific allegation to survive a motion to dismiss. *Stumm v. Wilkie*, 796 F. App'x 292, 295 (7th Cir. 2019) (plaintiff alleging age discrimination was not required to allege his age, the age of the individuals hired instead of the plaintiff, or that said individuals were at least ten years younger than the plaintiff); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (at the motion to dismiss stage, "[t]he plaintiff is not required to include allegations—such as the existence of a similarly situated comparator—that would establish a prima facie case of

5

discrimination under the 'indirect' method of proof."). Nortridge has alleged an adverse employment action—a drug test and interrogation—and she has alleged that Columbia Health took this action based on her age. That is all that is required at this stage. The Court therefore declines to dismiss Nortridge's age discrimination claim.

**C.     Commingling of claims**

Finally, citing Rule of Federal Civil Procedure 10(b), Columbia Health argues that the Court must dismiss Nortridge's complaint in its entirety because she has attempted to plead separate claims for harassment and retaliation the same count. Rule 10(b) states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." Fed. R. Civ. P. 10(b). Columbia Health's argument fails because the Court does not read Nortridge's complaint to include any claim of harassment as such. Instead, Nortridge alleges that the retaliation she experienced took the form of harassment. Nortridge has asserted only two claims, retaliation and age discrimination, and she has alleged them in separate counts. Therefore, the Court declines to dismiss Nortridge's complaint under Rule 10(b).

## Conclusion

For the reasons stated above, the Court denies Columbia Health's motion to dismiss [dkt. no. 11] and directs Columbia Health to answer the complaint within 21 days of this order.

Date:  April 18, 2020

_____
MATTHEW F. KENNELLY
United States District Judge

6